JUDGMENT ENTRY.
Defendant-appellant, Jason Edwards, appeals the judgment of the Hamilton County Municipal Court convicting him of domestic violence pursuant to R.C. 2919.25(C). For the following reasons, we affirm the trial court's judgment.
Amanda Howard testified that she and Edwards had cohabitated for approximately two years. On November 4, 2003, Edwards called her from a treatment facility near her home and said, "Do you think that if something happens to me that something happen [sic] to you?" According to Howard, Edwards had explained that he intended to paralyze her if he were to go to jail as a result of a separate domestic-violence charge that she had recently initiated.
Howard further testified that other persons had recently called on Edwards's behalf and had threatened her, and that Edwards had carried through with threats to harm her in the past, as recently as one month before the telephone call in question. Howard stated that she believed that Edwards would similarly carry through with the November 4 threat to paralyze her as soon as he could, either by assaulting her himself or by having someone else do it.
The defense rested without presenting any evidence. The trial court found Edwards guilty and sentenced him to thirty days' jail time. In a single assignment of error, Edwards now argues that the conviction was based upon insufficient evidence. Specifically, he argues that the statement made in the telephone call represented a conditional threat and that his remoteness from the victim negated any possible inference that he could have caused her imminent physical harm.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
The domestic-violence statute, R.C. 2919.25(C), provides that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
In determining whether a conditional threat satisfies the "imminent physical harm" element of R.C. 2919.25(C), a court may consider the totality of the circumstances surrounding the threat.[2] A conditional threat, coupled with other circumstances, such as contemporaneous violent behavior, prior threats to the victim, or prior physical harm to the victim, may be sufficient to satisfy the state's burden to prove that the victim was placed in apprehension of imminent physical harm.[3]
In the case at bar, the circumstances surrounding the conditional threat were sufficient to satisfy the state's burden. The victim testified that Edwards had carried through with previous threats as recently as one month prior to the November 4 telephone call. She further testified that friends or relatives of Edwards had threatened her near the time of the telephone call, lending credence to her belief that, even if Edwards himself did not harm her, someone else would have done so on his behalf. These circumstances, coupled with the earnestness with which Edwards threatened Howard on the date of the alleged offense, were sufficient to support the finding that Howard had been placed in fear of imminent physical harm.
Edwards also argues that the trial court erred, under Evid. R. 404(B), in admitting evidence of prior bad acts to prove the instant offense. Although he concedes that prior acts are admissible to prove the reasonableness of the victim's apprehension of harm under R.C. 2919.25(C), he contends that the prior acts in the case at bar were not demonstrated with sufficient specificity. We find no merit in this argument. The prior act upon which the state primarily relied was the assault that had occurred one month prior to the telephone call at issue. Having reviewed the testimony, we conclude that the trial court was presented with sufficient information about that act and the other prior incidents to admit them into evidence. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[2] Jackson v. Adams, 4th Dist. No. 01CA12, 2001-Ohio-2617.
[3] Id.; Cincinnati v. Baarlaer (1996), 115 Ohio App.3d 521,527, 685 N.E.2d 836.